No. 18,823.

THE SCHEIDEL-WESTERN X-RAY COIL COMPANY, *Appellant*, v. CHARLES E. ROSS, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE—*Warranty—Breach—Pleadings — Evidence — Variance Not Prejudicial*. In an action brought in a city court on an account the defendant pleaded damages by breach of warranty of an article sold to him. In the district court a trial was had upon the same pleadings, and without an amendment the defendant was permitted to recover upon a showing that the article had been sold to himself and three others, who had turned it over to him, with an assignment of their claims upon the warranty. *Held*, that under the circumstances of the case the variance does not justify a reversal.

2. SAME—*Full Price of Article Sold Recovered as Damages—Demand for Return of Property Too Late*. A party having recovered as damages the full price he had paid for an article, on the theory that it had proved to be worthless, the adverse party nearly a year later asked an order that upon payment of the judgment the article should be returned to him. *Held*, that the request was made too late.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 7, 1914. Affirmed.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey,* and *I. N. Williams,* all of Wichita, for the appellant.

*Paul Brown,* and *Silas S. Brown,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Scheidel-Western X-Ray Coil Company sued Charles E. Ross in the city court of Wichita upon an account. He filed a bill of particulars, admitting an indebtedness on his part, but setting up a claim against the plaintiff for a greater amount by reason of a machine which he had purchased of it, under a guarantee, having proved to be worthless. The case was

taken to the district court where a trial was had upon
the same pleadings. The defendant recovered judg-
ment for the amount he claimed, and the plaintiff
appeals.

It developed that the machine referred to was sold
to a partnership of which the defendant was a mem-
ber. The jury were instructed that he could recover
if his partners had assigned to him their rights under
the guarantee. The plaintiff contends that the de-
fendant should not have been allowed to recover upon
the theory of such an assignment because it was not
pleaded. The defendant's bill of particulars spoke of
his having obtained the machine from the plaintiff,
while his evidence was that he with three others pur-
chased it, and that these others turned over their in-
terests to him. It does not appear that the plaintiff
suffered any prejudice from the variance and we do
not regard it as justifying a reversal.

One of the rulings complained of was the refusal of
the court to make an order that the machine should be
returned to the plaintiff upon payment of the judg-
ment. A request for such an order was not made until
nearly a year after the judgment was rendered. The
defendant's pleading was drawn on the theory that the
machine was worthless and the jury so found, their
general verdict, under the instructions, necessarily car-
rying that implication. The defendant's attorney in
his opening statement indicated a willingness that the
machine should be returned. A timely application for
its return might have been received with favor, but
the motion that was made came too late. The de-
fendant could not reasonably be expected to preserve
for so long an interval a machine which had been ad-
judged to be valueless and for which no earlier demand
had been made.

In reply to a question whether the "goods" had any
value to either party the jury answered—"No; not
from the evidence." It is contended that this answer

should have been set aside because there was evidence that the goods were of considerable value. The answer is somewhat ambiguous, but to uphold the general verdict it must be construed as meaning that from all the evidence on the subject the jury concluded that the goods had no value to either party. There was some evidence to support the finding as so interpreted, and it must therefore stand.

Instructions were asked to the effect that the defendant's sole remedy if the machine proved defective was to return it for repairs, and that he did return it and a new contract was made superseding the original guaranty. The evidence on the subject left the facts sufficiently in doubt so that these instructions were rightly refused.

In the instruction concerning the assessment of damages a statement was made which in itself would have authorized a recovery in excess of the amount claimed in the defendant's pleading. But the jury were elsewhere explicitly told that they could not find a verdict beyond that amount, and as they did not do so no prejudice resulted. (*Thomas v. Warrensburg*, ante, p. 576, 141 Pac. 255.)

Among the special questions submitted to the jury was one requiring them to state what amount they allowed the defendant as a counterclaim or set-off. They answered by giving the amount of the general verdict. The defendant's attorney objected to this and asked that the jury be directed to reconstruct the answer. The plaintiff's attorney protested against any change. The court suggested that in connection with the general verdict the answer meant that this was the amount they found to be due to the defendant. A juror here interposed by saying that it was a mistake—that the jury had not meant to write it that way. The jury were polled on the question and each repudiated the answer. They were then permitted to retire and changed the answer to conform to another finding as

to the amount of the defendant's counterclaim. Complaint is made of the remark of the judge in the presence of the jury, and of the allowance of the change in the answer. Upon the whole record it seems clear that the jury misapprehended the question and that the final answer was in accordance with their actual judgment.

The judgment is affirmed.